IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARVEY CANTRELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 22-00317-CG-B |
| | * |
| COMMISSIONER OF SOCIAL SECURITY, | * |
| | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court for review. Plaintiff Harvey Cantrell filed the instant *pro se* action against the Commissioner of Social Security alleging the "wrongful death" of his brother in relation to "back pay" that Cantrell alleges was owed to his brother at the time of his death. (Doc. 1). This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

When he filed this action, Cantrell did not pay the filing fee, nor did he file a motion to proceed without prepayment of fees. Accordingly, in an order dated August 19, 2022, the Court directed Cantrell to pay the filing fee or to file a motion to proceed without prepayment of fees by September 9, 2022. (Doc. 2 at 2).

In the same order, the Court noted that the instant action appeared to be duplicative of Cantrell v. Saul, No. 3:21-cv-01282

(S.D. Ill. 2021) ("Cantrell v. Saul"), which is currently pending in the United States District Court for the Southern District of Illinois. (Id. at 2-3). That case was originally filed in this Court in February 2021 as Case No. 1:21-cv-00067-JB-MU, but it was transferred to the Southern District of Illinois in October 2021, based on a finding that venue in this Court was improper. See Cantrell v. Saul, ECF No. 6, 7, 8. In this Court's order dated August 19, 2022, the Court observed that Cantrell named the Commissioner of Social Security as the Defendant in both actions, and that his complaint in this action contains nearly identical allegations regarding the death of his brother and back pay owed to his deceased brother as those he asserted in Cantrell v. Saul. (Doc. 2 at 3). Thus, the Court ordered Cantrell to show cause on or before September 9, 2022, as to why this case should not be dismissed as duplicative of Cantrell v. Saul. (Id. at 3-4). Cantrell was warned that if he failed to fully comply with the Court's order within the prescribed time, the undersigned would recommend that this action be dismissed. (Id. at 4).

In response to the Court's order, Cantrell timely filed a motion to proceed without prepayment of fees. (Doc. 3). However, he has not filed a response showing cause why this matter is not duplicative of Cantrell v. Saul, despite being ordered to do so no later than September 9, 2022.

A court "may *sua sponte* dismiss an action pursuant to Federal

Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The undersigned recommends that the instant action be dismissed without prejudice based on Cantrell's failure to prosecute and to obey the Court's order directing him to show cause as to why the instant case is not duplicative of Cantrell v. Saul, his earlier-filed case which is currently pending in the Southern District of Illinois. As noted *supra*, the undersigned warned

3

Cantrell in the plainest terms that his failure to fully comply with the Court's order would subject this action to dismissal. (Doc. 2 at 4).  Notwithstanding the Court's clear warning and directives, Cantrell has made no attempt to show cause as to why this action is not duplicative of Cantrell v. Saul.  Cantrell's failure to comply with the Court's directive suggests that he is unable to show that the parties, issues, and requested relief differ between his two actions.  Accordingly, it is recommended that this action be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and this Court's inherent authority due to Cantrell's failure to prosecute and obey this Court's order directing him to show cause as to why the instant case is not duplicative.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

4

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **13th** day of **October, 2022.**

                                                        /s/ SONJA F. BIVINS
                                       **UNITED STATES MAGISTRATE JUDGE**